(No. 1017—▪▪▪▪▪▪)

NORTH AMERICAN CAR COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1927.*

*Rehearing denied February 13, 1929.*

BENJ. F. CASSIDAY, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

Claimant alleges, in its declaration filed April 27th, 1926, that it is a corporation organized and existing under the laws

of the State of Delaware, and that it was authorized on June 10, 1922, to do business in the State of Illinois, and entitled to all the rights and privileges granted to foreign corporations for profit under the General Laws of the State of Illinois, having its principal business office for this State in the City of Chicago, with an authorized capital stock of $500,000.00 and 20,000 shares of no par value, and paying $266.67 franchise tax under Section 107 of the General Corporation Act, and $62.92 initial fee based upon .05034 of its authorized capital stock, or $215,850.00; that on June 18th, 1924, it duly amended its charter, by which amendment it changed its name from that of the North American Car Company to that of the North American Commerce Company; that on August 7th, 1924, affidavit of withdrawal of the North American Commerce Company was filed with the Secretary of State of the State of Illinois; that at no time between June 10, 1922, and August 7, 1924, did it in any manner change, alter or amend the amount of authorized capital stock of corporation; that on March 1st, 1923, it duly executed and filed in the office of the Secretary of State its annual report required by law, and in its said report set forth that it was willing to be assessed and pay a franchise tax upon all of its authorized capital stock employed in the State of Illinois, as appears from its said report on file in the office of the Secretary of State of the State of Illinois; that on May 12th, 1923, Louis L. Emmerson, Secretary of State for the State of Illinois, sent it a written notice, which written notice was returned to the Secretary of State's office, accompanied by voucher check, dated July 31, 1923, in the amount of $2437.10; that in said written notice, the claimant was notified to pay as and for its franchise tax for the year beginning July 1, 1923, $1250.00 based upon 100 per cent, or all of its authorized capitalization of $500,000.00 and 20,000 shares of no par value; and that since it had paid an initial fee on only $125,800 of its capitalization, it owed the State an initial fee of $1187.10, making a total amount to be paid of $2437.10; that there was no authority at law for the Secretary of State to make such assessment, and that the assessment should only have been $200.00; that through mistake of fact that the claimant's authorized capital stock of $500,000 and 20,000 shares no par value was all employed in the State of Illinois, assessed as an additional initial fee the sum of $1187.10 on $2,374,200 of its capital stock em-

ployed in this State, whereas only .04932 or $123,300 of its capital stock was employed in this state, on which an initial fee had already been paid, and no additional initial fee should have been assessed, and claimant seeks to recover $2237.10.

A demurrer filed by the Attorney General of the State of Illinois, to this declaration, is sustained as a matter of law.

Under the provisions of the General Corporation Act, providing for the filing of an annual report, and the provisions incident thereto, it is provided that a corporation, such as claimant, must file an annual report between February 1st and March 1st of each year on forms to be prescribed and furnished by the Secretary of State. It provides that the annual report must disclose such facts as are necessary to enable the Secretary of State to compute the franchise tax payable by said corporation. Section 111 vests the power in the Secretary of State to hear and determine objections to any assessment within the time specified in the Corporation Act, and after such a hearing to change or modify any assessment. Section 112 provides that the Secretary of State shall mail between the first day of February and the 16th day of May, of each year, a notice in writing to each corporation against which a tax is assessed, notifying such corporation of the amount of the franchise tax assessed against it for the ensuing year, commencing on July 1st, "and that objections, if any, to such assessment will be heard by the officer making such assessment, upon request by corporation on a day not later than the 25th day of June."

Section 132 provides, among other things, that the interrogatories propounded to the corporation shall be answered directly and positively and without equivocation or evasion. The Secretary of State complied with all of the provisions of the Corporation Act, and the Corporation, upon receipt of notice from the Secretary of State, paid the franchise tax without availing itself of the privilege provided by statute of appearing, with its objections, to the assessment, before the Secretary of State. The fact that claimant did fail to avail itself of the protection of the statute would indicate that it paid the tax voluntarily. It is evidence of the fact that claimant considered this amount as being due from it to the State of Illinois. The burden is placed upon the Corporation to make a proper annual report, and it is impossible for the Secretary of State to endeavor to check up and cor-

rect the annual reports of all corporations which are required to send and make reports to the State of Illinois, so that the failure of claimant to answer the interrogatories is no fault of the Secretary of State, but is rather due to claimant's own negligence or failure to perform its duty under the General Corporation Act. The courts of this State have consistently followed the rule that money voluntarily paid, without duress or compulsion, cannot be recovered.

In view of the facts, above set forth, the claim is disallowed.

On February 13, 1929, upon petition for rehearing the following additional opinion was filed:

This case comes before this court on a petition for a rehearing, claimant seeking to recover the sum of $2,237.10, which it is claimed was erroneously paid to the Secretary of State. After carefully reviewing the evidence and stipulation submitted and reviewing the arguments and briefs, we adhere to our former opinion, and disallow the claim.